**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Federal Deposit Insurance Corporation ) | CASE NO. 1:12 CV 2969 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| vs. ) | |
| ) | |
| Frontier Financial, Inc., et al., ) | **Memorandum of Opinion and Order** |
| ) | |
| Defendants. ) | |

### Introduction

This matter is before the Court upon defendant Frontier Financial, Inc.'s Motion to Dismiss (Doc. 18). This is an action brought by the receiver of a failed bank to recover losses it incurred arising out of a defaulted mortgage loan. For the following reasons, the motion is DENIED.

### Facts

Plaintiff Federal Deposit Insurance Corporation (FDIC or plaintiff) as Receiver for AmTrust Bank filed its First Amended Complaint against defendants Frontier Financial, Inc., St. Louis Title, LLC, and Titan Mortgage, LLC. With regard to this moving defendant, the First Amended Complaint sets forth one claim for breach of contract (Count One). As the

1

motion before the Court raises a discrete issue by one defendant, the Court will confine its discussion to those facts relating to this issue. As such, the First Amended Complaint alleges the following.

FDIC is a corporation organized and existing under the laws of the United States, and it is authorized to be appointed as receiver for failed insured depository institutions under the Federal Deposit Insurance Act. In that capacity, it was appointed receiver for AmTrust Bank, a closed federally chartered savings bank, and succeeded to the latter's claims.

In March 2007, Community Lending Services, Inc. (hereafter, CLS) entered into a Loan Purchase Agreement with AmTrust that governed the sale and transfer of mortgage loans to AmTrust by CLS. The Loan Purchase Agreement incorporated the terms and conditions set forth in AmTrust's Seller's Guide (hereafter, the Guide). Together, these two documents provided the terms by which CLS agreed to submit mortgage loans to AmTrust, and CLS represented that all information contained in loan packages submitted by it to AmTrust was complete, true, and correct.

In 2007, CLS submitted to AmTrust a loan application for the purpose of securing financing from AmTrust for a borrower's purchase of property. Based upon the materials submitted by CLS, AmTrust financed the borrower's purchase of the property with a mortgage loan. The information submitted by CLS was not complete, true, and accurate. As a result, the Loan Purchase Agreement and Guide required CLS to repurchase the loan and indemnify AmTrust for losses. Moving defendant Frontier Financial is the successor in interest to CLS, and merely a continuation thereof. The borrower defaulted on the loan soon after funding, and plaintiff incurred a substantial loss as a result. The failure of Frontier

Financial, as successor in interest to CLS, to repurchase the loan and/or indemnify Amtrust constitutes a material breach of the Loan Purchase Agreement and Guide. As such, the First Amended Complaint alleges a breach of contract claim against Frontier Financial, as successor in interest to CLS.

The First Amended Complaint sets forth allegations to support its assertion that Frontier Financial is the successor in interest to CLS as follows. CLS filed a Biennial Registration Report in January of 2010 that listed as officers current Frontier Financial loan officers Kerry Loy, Michael Maupin, and Kamran Emanjomeh. CLS was administratively dissolved in August 2012 for failing to file its 2012 annual report. CLS and Frontier Financial had the same registered agent until January 2011. Frontier Mortgage, a d/b/a of Frontier Financial, is managed by Frontier Financial loan officer Melinda Movick. Frontier Mortgage's website lists Movick as the contact for "Community Lending Services." Phone calls to CLS are answered by Frontier Financial Representatives. In response to an October 2011 notice of claim from plaintiff, CLS's former president and current Frontier Financial loan officer Kerry Loy initially indicated that CLS had been acquired by Titan Mortgage. The website for Frontier Financial d/b/a Frontier Mortgage states: "It is my pleasure to announce the acquisition between Titan Bank, NA. and Frontier Mortgage."

Based upon these facts, the First Amended Complaint alleges that Frontier Financial is the successor in interest to CLS by merger or otherwise; Frontier Financial purchased the assets of CLS in a de facto merger; Frontier Financial is a mere continuation of CLS; Frontier Financial expressly or impliedly assumed CLS's liabilities when it purchased CLS directly or through Titan Mortgage, or the transaction was entered into fraudulently for the purpose of

escaping liability.

This matter is now before the Court upon defendant Frontier Financial, Inc.'s Motion to Dismiss.

**<u>Standard of Review</u>**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level."*ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* 2009 WL 1811915 (6th Cir. June 25, 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir.2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In *Twombly*, the court held that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.

### **Discussion**

Defendant Frontier Financial moves to dismiss on the basis that it is not the successor to CLS.  Defendant states that it is does not constitute a continuation of CLS merely because it hired three of that entity's former employees.  Defendant further states that CLS is administratively dissolved, and defendant merely acquired a telephone number once used by CLS as a non-primary number in an effort to obtain a larger share of the market.  Defendant submits the affidavit of Kent Lohmann who avers the following.  He is the founding principal of defendant, which is not a successor in interest to CLS.  Defendant never had any interest in CLS.  Defendant hired Kerry Loy, Michael Maupin, and Kamran Emanjomeh as loan officers, but never purchased anything from CLS.  Nor did defendant ever acquire any interest in Titan Mortgage.  Defendant has had dealings with AmTrust only as a result of AmTrust having acquired Ohio Savings.  There is nothing on defendant's website suggesting that any of its employees are also officers, or that CLS merged into defendant. The 2012 Annual Registration Report is attached.  There has been no merger or consolidation, or transfer of interest, of defendant with CLS or Titan Mortgage.  (Kent Lohmann aff.)

Plaintiff opposes the motion and argues that this Court is not permitted to consider the conclusory factual allegations made by defendant therein, or the affidavit.  Rather, plaintiff maintains, the Court must accept the allegations of the First Amended Complaint which plausibly show that defendant is the successor in interest to CLS.  Additionally, plaintiff points out that it is not required to allege facts not available to it without access to the

5

information through discovery. *See The Opportunity Fund v. Epitome Systems, Inc.,* 2012 WL 5930592 (S.D.Ohio Nov. 27, 2012) (Where there has been no discovery, "courts have been reluctant to dismiss the action where the facts underlying the claims are within the defendant's control.") For the following reasons, this Court agrees with plaintiff that dismissal of Frontier Financial is not warranted.

> It is well-established that
>
> [a]ssessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings. If a court does consider material outside the pleadings, the motion to dismiss must be treated as a motion for summary judgment ... and all parties must be given a reasonable opportunity to present all material pertinent to the motion. However, a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment.

*Amick v. Ohio Dept. of Rehabilitation & Correction,* 2013 WL 1223570 (6th Cir. March 27, 2013) (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir.2010) and *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008)).

This Court must accept as true the allegations of the First Amended Complaint stating that Frontier Financial is a successor in interest to CLS. The Court is not permitted to consider defendant's controverting statements in its brief, or the affidavit submitted thereto. Additionally, defendant does not acknowledge the legal standard for successor liability. Generally, a successor corporation is not liable for the contractual liabilities of its predecessor unless: (1) the buyer expressly or impliedly agrees to assume such liability; (2) the transaction amounts to a de facto consolidation or merger; (3) the buyer corporation is merely a continuation of the seller corporation; or (4) the transaction is entered into fraudulently for the

purpose of escaping liability. *Welco Indus., Inc. v. Applied Cos.*, 67 Ohio St. 3d 344, 348-349 (Ohio 1993).

Plaintiff points out that it has alleged: (1) that former CLS officers are now loan officers for Frontier Financial; (2) that CLS and Frontier Financial shared a registered agent; (3) that calls to CLS are now answered by Frontier Financial; (4) that Frontier Financial lists a current employee as the contact for "Community Lending Services;" and (5) that statements by former CLS president and current Frontier Financial loan officer Kerry Loy along with statements made on Frontier Financial's own website indicate that CLS may have been acquired by Frontier Financial through Titan Mortgage. (See Doc 23 at 6).

Based upon these facts, plaintiff has alleged that at least one of the four exceptions that
establish successor liability applies.  On this basis, construing the facts most favorably to plaintiff, the First Amended Complaint plausibly shows that Frontier Financial is the successor in interest to CLS.  Dismissal is not warranted, and plaintiff is entitled to discovery on the issue.

**Conclusion**

For the foregoing reasons, defendant Frontier Financial, Inc.'s Motion to Dismiss is denied.

IT IS SO ORDERED.

                                  /s/ Patricia A. Gaughan
                                  PATRICIA A. GAUGHAN
                                  United States District Judge

Dated: 5/6/13